## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TIAVONDE L. JONES,** | \* | |
| **Plaintiff,** | \* | |
| | | **Civil Action No. RDB-22-1987** |
| **v.** | \* | |
| **SPECIALIZED LOAN** | | |
| **SERVICING, LLC** *et al,* | \* | |
| **Defendants.** | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Tiavonde Jones ("Plaintiff" or "Jones") brings this real property action against Defendant Specialized Loan Servicing, LLC ("SLS"), Defendant HSBC Bank USA ("HSBC"), and Defendant BWW Law Group, LLC ("BWW") for their part in foreclosure proceedings against her home located in Catonsville, Maryland. (Complaint, ECF No. 4.) Defendant BWW has filed a Motion to Dismiss (ECF No. 13) and Defendants SLS and HSBC have also filed a Motion to Dismiss (ECF No. 14). The Court has considered the Defendants' Motions and Plaintiff's responses (ECF Nos. 15, 16).[1] No hearing is necessary. Loc. R. 105.6 (D. Md. 2021). For the reasons that follow, the Defendants' Motions (ECF Nos. 13, 14) shall be **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found.*

---

[1] Plaintiff filed identical two-page responses (ECF Nos. 15, 16) to Defendant BWW Law Group's Motion to Dismiss. That two-page response cited no case authority and did not address the other Defendants in the case.

*v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.)*
*Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Plaintiff purchased a home in Catonsville, Maryland,
on July 16, 2007, with a mortgage loan from Wells Fargo Bank, N.A. (ECF No. 4 at 6.) The
loan was a ten-year interest only loan secured by a deed of trust and promissory note, which
has since been transferred to HSBC. *Id.* at 5-6. At some point, the loan reverted to a fully
amortizing loan and Plaintiff was unable to continue making her mortgage payments. *Id.*
Consequently, the Substitute Trustees, comprised of attorneys and employees at Defendant
BWW representing the interests of Defendant SLS and Defendant HSBC, initiated a
foreclosure action on April 12, 2019, in the Circuit Court for Baltimore County. *Id.*; (ECF No.
13-1 at 2.)

During the foreclosure proceedings and as part of the State of Maryland's mediation
process, Plaintiff applied for a loan modification with Defendant SLS, the loan servicer, on
April 25, 2021, and SLS acknowledged receipt on May 24, 2021. (ECF No. 4 at 5.) As part of
the foreclosure proceedings, mediation was held on June 14, 2021, while Plaintiff's loan
modification was under review. *Id.* The next day, on a letter dated June 15, 2021, SLS stated
that it was waiting for documents necessary to process the application. (ECF No. 4 at 9.)

Jones was permitted to file a motion to stay or dismiss the foreclosure action fifteen
days from the date of the mediation under the Maryland Rules. (ECF No. 4 at 9) (citing
Maryland Rule 14-211). Because Plaintiff's loan modification application was still under
review, her attorney requested the Substitute Trustees' consent in extending Jones' time to file
a motion under the Maryland Rules. *Id.* The Substitute Trustees did not respond to Plaintiff's
request. *Id.* Jones filed a motion to extend her time with the Circuit Court for Baltimore

2

County on June 23, 2021, in anticipation of the upcoming June 29, 2021, motions deadline. *Id.* Jones did not receive a ruling on her motion to extend time from the Circuit Court by June 29, 2021, so she filed a motion to stay or dismiss the foreclosure action to avoid harm from untimely filing. *Id.*

The Circuit Court ultimately granted Jones' request to extend the time for filing and she was given until fifteen days after Defendant SLS's loan modification decision. (ECF No. 4 at 10.) Despite this, the Substitute Trustees filed an opposition to Jones' still-pending June 29, 2021, motion on August 2, 2021, and the Circuit Court then issued an order on August 5, 2021, denying Jones' motion to stay or dismiss the foreclosure action. *Id.* Jones subsequently filed a motion for reconsideration on August 9, 2021, which the Substitute Trustees opposed on August 23, 2021. *Id.* A few days earlier, by letter to Jones dated August 16, 2021, SLS stated that the loan's investor had "not provided the necessary confirmation of the loss mitigation review" and her loan modification application had still not been reviewed. (ECF No. 4 at 9.) Thereafter, the Circuit Court denied Jones' pending motion for reconsideration on September 1, 2021. *Id.* Jones' home has yet to be sold at foreclosure sale. She states that she continues to face the threat of foreclosure, has incurred various legal fees and additional interest, and her credit score has suffered as a result of Defendant SLS's actions and inactions. *Id.* She has also sustained non-economic damages in the form of emotional distress. *Id.*

Plaintiff's Complaint alleges violations of the Maryland Consumer Protection Act against Defendants SLS and BWW (Count One), violations of the Maryland Mortgage Fraud Protection Act against Defendants SLS and BWW (Count Two), fraud by Defendant SLS (Count Three), violations of the Real Estate Settlement Procedures Act against Defendant SLS

(Count Four), breach of contract against Defendant HSBC (Count Five), negligence against Defendant SLS (Count Six), and violation of a consent order against Defendants SLS and BWW (Count Seven). (ECF No. 4.)

Defendant BWW has filed a Motion to Dismiss (ECF No. 13) those counts against it (Counts One, Two, and Seven) principally arguing that Jones has failed to plead facts necessary for each of the Counts against it. Similarly, Defendants SLS and HSBC have filed a Motion to Dismiss (ECF No. 14) arguing that Plaintiff has failed to plead certain facts with particularity as required under Federal Rule of Civil Procedure 9(b), and that she has generally failed to sufficiently plead all other facts necessary for her claims. Plaintiff's brief responses summarily assert that she has stated viable causes of actions.[2] (ECF Nos. 15, 16.)

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility

---

[2] Plaintiff filed the same two-page response twice, both of which are identical and respond only to Defendant BWW's Motion to Dismiss. (ECF Nos. 15, 16.)

standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

For claims which allege fraud, Rule 9(b) of the Federal Rules of Civil Procedure requires that "the circumstances constituting fraud be stated with particularity." Fed. R. Civ. P. 9(b).  The rule "does not require the elucidation of every detail of the alleged fraud, but does require more than a bare assertion that such a cause of action exists." *Mylan Labs., Inc. v. Akzo, N.V.,* 770 F. Supp. 1053, 1074 (D. Md. 1991).  To satisfy the rule, a plaintiff must "identify with some precision the date, place and time of active misrepresentations or the circumstances of active concealments." *Johnson v. Wheeler*, 492 F. Supp. 2d 492, 509 (D. Md. 2007). As the United States Court of Appeals for the Fourth Circuit stated in *United States ex rel. Nathan v. Takeda Pharmaceuticals North America, Inc.*, 707 F.3d 451 (4th Cir. 2013), the aims of Rule 9(b) are to provide notice to defendants of their alleged misconduct, prevent frivolous suits, eliminate fraud actions where all the facts are learned after discovery, and protect defendants from harm to their goodwill and reputation. 707 F.3d at 456 (citation omitted).

When ruling on motion to dismiss, a court's evaluation is generally limited to allegations contained in the complaint. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166-67 (4th Cir. 2016). However, courts may also consider documents explicitly incorporated into the complaint by reference. *Id.* at 166 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L. Ed. 2d 179 (2007)). In addition, a court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Id.* (citing *Sec'y of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)). A document is "integral" when "its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F.Supp.2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis omitted). Considering such documents does not convert a motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

## ANALYSIS

Plaintiff's Complaint contains mere labels and conclusions and must be dismissed under Federal Rules of Civil Procedure 9(b) and 12(b)(6). Each Count of the Complaint is addressed in turn.

## I.  Violations of the Maryland Consumer Protection Act against Defendants SLS and BWW (Count One)

The Maryland Consumer Protection Act ("MCPA") prohibits "unfair, abusive, or deceptive trade practice" in the sale or offer for sale "of consumer goods, consumer realty, or

consumer services." § 13-303.  A private party bringing a claim under the MCPA must allege

'(1) an unfair or deceptive practice or misrepresentation that is (2) relied upon, and (3) causes

them actual injury.'" *Washington Cnty. Bd. of Educ. v. Mallinckrodt ARD, Inc.*, 431 F. Supp. 3d

698, 710 (D. Md. 2020) (quoting *Stewart v. Bierman*, 859 F.Supp.2d 754, 768 (D. Md. 2012)). "A

consumer relies on a misrepresentation when the misrepresentation substantially induces the

consumer's choice." *Currie v. Wells Fargo Bank, N.A.*, 950 F. Supp. 2d 788, 796 (D. Md. 2013).

"Fraud-based claims under the MCPA are subject to Federal Rule of Civil Procedure 9(b)'s

heightened pleading standard" and "must at a minimum, describe the time, place, and contents

of the false representations, as well as the identity of the person making the misrepresentation

and what he obtained thereby." *Washington Cnty. Bd. of Educ. v. Mallinckrodt ARD, Inc.*, 431 F.

Supp. 3d 698, 710 (D. Md. 2020) (quoting *U.S. ex rel. Owens v. First Kuwaiti Gen. Trading &

Contracting Co.*, 612 F.3d 724, 731 (4th Cir. 2010)) (internal quotations omitted).

Plaintiff alleges that SLS engaged in unfair, abusive, or deceptive trade practices in two

ways: (1) SLS failed to timely review her application for modification of her loan and continued

to threaten foreclosure; (2) SLS failed to instruct BWW to cease the foreclosure process and

to file a deadline continuance with the Circuit Court, thereby rendering BWW liable as well.

(ECF No. 4 at 12-13.) As a threshold matter, BWW cannot be held liable under the MCPA.

Professional services by a lawyer or law firm are exempt from the MCPA. Md. Code Ann.,

Com. Law § 13-104; *see also Combs v. Bank of Am., N.A.*, No. GJH-14-3372, 2015 WL 5008754,

at *7 (D. Md. Aug. 20, 2015), *adhered to on reconsideration*, No. GJH-14-3372, 2016 WL 8672923

(D. Md. Sept. 16, 2016) ("lawyers, acting in their professional capacity, are exempt from the

MCPA"). Nonetheless, even if BWW was susceptible to suit under the MCPA, Plaintiff has

failed to plead the alleged fraudulent behavior by either SLS or BWW with particularity as required by Federal Rule of Civil Procedure 9(b).

Plaintiff has not clearly alleged any unfair, abusive, or deceptive trade practice by SLS. In the light most favorable to Jones, SLS's review of her loan modification was delayed. SLS informed Plaintiff that her application was under review, and that its process was halted by confirmation of loss mitigation review. (ECF No. 4 at 8-9.) As SLS has noted, "Plaintiff's allegations indicate that SLS endeavored to be transparent and explain the reason for any delay in its review" and to conclude that such conduct "constitutes deception is inapposite." (ECF No. 14 at 6.) Any alleged threat of foreclosure by SLS is not inherently deceptive, especially given that foreclosure proceedings had begun in the Circuit Court for Baltimore County. Further, even if foreclosure "threats" were deceptive, the Complaint is devoid of any details regarding such behavior. Additionally, Jones fails to apprise the Court of any requirement that *SLS* was to file a deadline continuance for *Jones'* motion in the Circuit Court for Baltimore County. Plaintiff has simply failed to provide a basis to establish facts sufficient for even the first element for a claim under the MCPA against either SLS or BWW, especially when viewed under the heightened pleading standard under Federal Rule of Civil Procedure 9(b) which requires "the date, place and time of active misrepresentations." *Johnson*, 492 F. Supp. 2d at 509. Accordingly, BWW and SLS's Motions to Dismiss (ECF Nos. 13, 14) are GRANTED and Plaintiff's MCPA claim (Count One) is DISMISSED.

## II.   Violations of the Maryland Mortgage Fraud Protection Act against Defendants SLS and BWW (Count Two)

The Maryland Mortgage Fraud Protection Act ("MMFPA") broadly states that "[a] person may not commit mortgage fraud." Md. Code. Ann., Real Prop. § 7-402. The MMFPA prohibits mortgage fraud during the mortgage lending process, which includes servicing the loan. *See* Real Prop. § 7-401(e)(2) (defining the "mortgage lending process" to include "(i) [t]he solicitation, application, origination, negotiation, servicing, underwriting, signing, closing, and funding of a mortgage loan; and (ii) the notarizing of any document in connection with a mortgage loan"). A servicer may not knowingly make a "deliberate misstatement, misrepresentation, or omission during the mortgage lending process" or knowingly create or produce a document which "contains a deliberate misstatement, misrepresentation, or omission" with the intention of a borrower relying on such misinformation. § 7-401(d). As Judge Hollander of this Court has noted, to state a claim under the MMFPA, a plaintiff "must plead the elements of a common law fraud claim." *Galante v. Ocwen Loan Servicing LLC*, Civil Action No. ELH–13–1939, 2014 WL 3616354, at *28 (D. Md. Jul. 18, 2014). To prevail on a fraud claim in Maryland, a plaintiff must show:

> (1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation.

*Id.* at *22 (quoting *Moscarillo v. Prof'l Risk Mgmt. Servs., Inc.*, 398 Md. 529, 544 (2007)).

Plaintiff relies on the same set of facts as provided in her MCPA claim as she does to advance a claim under the MMFPA. (ECF No. 4 at 16.) To summarize, she alleges that SLS knowingly made a deliberate misstatement when it failed to timely review her loan modification application and when it failed to instruct BWW to file for a continuance of

9

motions deadlines in the Circuit Court for Baltimore County. *Id.* As emphasized above, Plaintiff has failed to plead these facts with particularity. Further, Plaintiff has failed to plead facts relevant to the elements of a successful MMFPA claim. Notably, she has failed to point to a false representation – neither delay in reviewing a loan modification nor failure to request a continuance in state court for Jones' benefit amount to a false representation. Without facts relevant to the first element, her claim crumbles at the outset. Even more concretely, as Defendant BWW highlights, Plaintiff does not plead any cognizable injury as her property was not foreclosed during the loss mitigation review and she obtained the relief for extension of time requested in state court. (ECF No. 13-1 at 12.) Plaintiff has failed to set forth facts sufficient for a claim under the MMFPA and consequently the Defendants' Motions to Dismiss (ECF Nos. 13, 14) are GRANTED and Plaintiff's MMFPA claim (Count Two) is DISMISSED.

## III. Fraud by Defendant SLS (Count Three)

As explained above, a cause of action under Maryland common law of fraud requires showing:

> (1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation.

*Galante*, 2014 WL 3616354, at *22 (quoting *Moscarillo*, 398 Md. at 544).

Plaintiff alleges the same two factual scenarios as those advanced under the MCPA and MMFPA, and for the reasons explained above, those two factual instances are deficiently plead. Plaintiff additionally alleges that SLS's August 16, 2021, letter which indicated that the

loan had "not provided the necessary confirmation of the loss mitigation review" was a misstatement made with malice with the intent to deceive her. (ECF No. 4 at 17.) Plaintiff contends that this statement was false because as the investor of the loan, SLS had all documents and facts necessary to timely issue a decision. *Id.*

Aside from the factual shortcomings and lack of details concerning this scenario, even assuming such statement was falsely made, Plaintiff has failed to plead any facts that SLS knew such statement was false or that it was made to purposefully defraud her. As SLS notes, Plaintiff has made "nothing more than bare legal conclusions" that "cannot withstand the minimal requirements of Fed. R. Civ. P. 12(b)(6), let alone the heightened pleading standard set out by Fed. R. Civ. P. 9(b)." (ECF No. 14 at 7.) There is simply not enough factual matter to suggest a cognizable cause of action for fraud under Maryland law. Accordingly, Defendant SLS's Motion to Dismiss (ECF No. 14) is GRANTED and Plaintiff's fraud claim (Count Three) is DISMISSED.

## IV.   Violations of the Real Estate Settlement Procedures Act against Defendant SLS (Count Four)

As Judges Gallagher and Chuang of this Court have previously stated, the Real Estate Settlement Procedures Act ("RESPA") was enacted "to combat 'certain abusive practices' in the real estate mortgage industry, and to ensure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process." *Fox v. Statebridge Co., LLC*, No. CV SAG-21-01972, 2022 WL 4386231, at *4 (D. Md. Sept. 21, 2022) (quoting *Robinson v. Nationstar Mortg. LLC*, No. CV TDC-14-3667, 2019

WL 4261696, at *5 (D. Md. Sept. 9, 2019) (internal citation and quotations omitted). Known as Regulation X, the relevant part of RESPA states that:

> [i]f a borrower submits a complete loss mitigation application after a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process but more than 37 days before a foreclosure sale, a servicer shall not move for foreclosure judgment or order of sale, or conduct a foreclosure sale….

12 C.F.R. § 1024.41(g). A borrower may enforce this provision pursuant to 12 U.S.C. § 2605(f) which holds a servicer liable to the borrower for an amount equal to the sum of the damages the borrower sustained as a result of its violation of the statute and any additional damages allowed by the court where there is a "pattern or practice of noncompliance with the requirements." A loan servicer is not required to provide a loan modification, so a plaintiff's claim for damages "because [she] did not receive a loan modification is not cognizable under the statute." *Robinson*, 2019 WL 4261696, at *9 (citing 12 C.F.R. § 1024.41(a)).

Jones alleges that the RESPA required SLS to file for a continuance with respect to deadlines in the foreclosure proceeding once it received her complete loan modification application. (ECF No. 4 at 19.) In other words, Plaintiff says that SLS violated the RESPA by "moving forward for a judgment of foreclosure" in its motions practice in state court through BWW. *Id.* at 19-20. Without more, Plaintiff alleges that she "has suffered actual damages." *Id.* at 20. She alternatively alleges that she is "entitled to statutory damages because SLS has engaged in a pattern and practice of violating RESPA" as evidenced by a consent order between SLS and the Bureau of Consumer Financial Protection. *Id.* SLS argues that Plaintiff's claim fails because she does not allege that SLS filed a dispositive motion for foreclosure and because she does not adequately allege damages. (ECF No. 14 at 10-11.)

12

Plaintiff's Complaint does not provide any facts that SLS "move[d] for foreclosure judgment or order of sale" upon receiving her loan modification application. 12 C.F.R. § 1024.41(g). SLS aptly notes that Plaintiff does not allege that it "attempted to move forward with foreclosure in any meaningful way following the April 25, 2021 modification or the June 14, 2021 mediation" and that instead Plaintiff's "greatest challenge in the foreclosure action appears to have been the Circuit Court itself." (ECF No. 14 at 10-11.) Though Plaintiff does allege that foreclosure proceedings commenced at an unspecified date, there is no indication that SLS continued those proceedings once Jones submitted her loan modification application. SLS also appropriately highlights that Plaintiff has failed to adequately allege damages. (ECF No. 14 at 11.) Plaintiff's threadbare recital that she sustained damages is not enough for a claim under the RESPA. Consequently, Defendant SLS's Motion to Dismiss (ECF No. 14) is GRANTED and Plaintiff's RESPA claim (Count Four) is DISMISSED.

## V.   Breach of Contract against Defendant HSBC (Count Five)

To state a claim for breach of contract under Maryland law, a plaintiff must allege that the defendant "owed [her] a contractual obligation and that [they] breached that obligation." *Taylor v. NationsBank, N.A.*, 365 Md. 166, 175 (2001). Where a plaintiff alleges that its servicer promised to review a loan modification application, there is no underlying contractual obligation for the Court to interpret. *See Currie v. Wells Fargo Bank, N.A.*, 950 F. Supp. 2d 788, 804 (D. Md. 2013) ("Although Plaintiffs allege that Defendants repeatedly promised that they would consider Plaintiffs' loan modification requests, these allegations are insufficient to sustain the inference that these promises amounted to an 'offer.'").

Plaintiff alleges that HSBC breached the provisions listed on the Deed of Trust which allow Jones "the right to reinstate the loan until the earlier of five days before the sale or as prescribed by applicable law." (ECF No. 4 at 21.) Jones alleges SLS acted in bad faith, constituting a breach of the implied covenant of good faith and fair dealing, when it "refused to timely review" Jones' loan modification application. *Id.* at 21-22. To enforce the provisions that Jones emphasizes, the Deed requires the borrower to: (1) pay the lender her amount due under the mortgage as if acceleration had not occurred; (2) cure her default of any other agreement; (3) pay the fees associated with enforcing the provisions within the Deed; and (4) take action as prescribed by the lender to assure that the lender's interest in the property and the borrower's payments "shall continue unchanged." (ECF No. 14 at 12.)

First, as explained in *Currie*, a servicer's indication or promise to review a loan modification does not lay the foundation for a contract. 950 F. Supp. 2d 804 (promise does not constitute offer necessary for mutual assent). Second, linking such a promise to the reinstatement provisions within the Deed of Trust does not cure this deficiency because Jones has failed to plead that she met the requisite criteria delineated in those provisions, namely that she continued payments to her mortgage "as if no acceleration had occurred." Rather, as HSBC highlights, Jones "leaves no room for interpretation: she neither satisfied her contractual obligations nor did she apprise herself of the opportunity to cure the default." (ECF No. 14 at 12-13.) The Deed of Trust indicates that Jones was required to continue payments as if acceleration had not occurred – it does not provide that her loan modification must, or should, be reviewed in a certain timespan, nor that it should even be accepted at all. Thus, relying on the "promise" to review such application does not create a contract nor does

it amount to a breach of contract under the Deed of Trust, so Plaintiff's claim is insufficiently plead. Accordingly, Defendant HSBC's Motion to Dismiss (ECF No. 14) is GRANTED and Plaintiff's claim for breach of contract (Count Five) is DISMISSED.

## VI.  Negligence against Defendant SLS (Count Six)

To establish negligence under Maryland law, a plaintiff must prove the following four elements: "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Lloyd v. Gen. Motors Corp.*, 397 Md. 108, 916 A.2d 257, 270-71 (Md. 2007) (citations omitted). "In determining whether a tort duty should be recognized in a particular context, two major considerations are: the nature of the harm likely to result from a failure to exercise due care, and the relationship that exists between the parties." *Currie*, 950 F. Supp. 2d at 803 (quoting *Jacques v. First Nat. Bank of Md.*, 307 Md. 527 (1986)) (internal quotations omitted). Where the injury is economic in nature, courts require an intimate nexus between the parties "as a condition to the imposition of tort liability." *Id.* (quoting *Jacques*, 307 Md. 527) (internal quotations omitted). As relevant here, "[b]anks typically do not have a fiduciary duty to their customers." *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 778 (4th Cir. 2013). The United States Court of Appeals for the Fourth Circuit has stated there is no contractual privity where a plaintiff's negligence claim relies on the assertion that a bank failed to process a loan modification application. *Id.* Where there is no express or implied contract, "no tort duty could arise as a matter of law." *Id.* at 780.

Here, as previously expressed, there was no contractual privity necessary to give rise to tort liability. Jones relies on the same set of facts to allege negligence as those deficiently plead in her other claims, namely: (1) SLS did not timely review her loan modification application; (2) SLS did not direct BWW to halt the foreclosure proceedings; (3) SLS's August 16, 2021, letter stated that it did not have the necessary confirmation of the loss mitigation review; (4) SLS was under the Consent Order when she submitted her loan modification application; and (5) SLS failed to comply with the consent order. (ECF No. 4 at 22-23.) Jones purports to allege there was an "intimate nexus" satisfactory to create contractual privity when she asserts that "SLS knew or should have known of [her] reliance on SLS exercising due care" in the above-listed scenarios. *Id.* Despite this, and as SLS aptly notes, "Plaintiff's effort to plead negligence on the basis of an 'intimate nexus' ignores this Court's well settled line of cases disposing of negligence claims against mortgage loan servicers for conduct carried out in connection with loan modification applications." (ECF No. 14 at 14.) As indicated, Plaintiff failed to establish contractual privity and she cannot rest on her allegations of delayed review of her loan modification application as a basis for tort liability. As such, Plaintiff's negligence claim does not present a plausible cause of action. Defendant SLS's Motion to Dismiss (ECF No. 14) shall be GRANTED, and Plaintiff's negligence claim (Count Six) is DISMISSED.

## VII.    Violations of a Consent Order against Defendants SLS and BWW (Count Seven)

Jones alleges that SLS's failure issue her an Evaluation Notice and to halt foreclosure proceedings once her loan modification application was complete are violations of SLS's consent order which was entered into by SLS and the Bureau of Consumer Financial Protection on May 7, 2020. (ECF No. 4 at 24.) A plaintiff lacks standing to pursue a claim

under a consent decree to which she was not a party. See *Barkhorn v. Int'l Longshoremen's Ass'n, Loc. No. 333*, No. CV GLR-20-851, 2021 WL 615079, at \*4 (D. Md. Feb. 17, 2021) (because plaintiff "was not a party to the consent decree, he lacks standing to pursue this claim"). The Supreme Court has expressly stated that "a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it." *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975).

There is no indication that Plaintiff was a party in the consent decree entered into by SLS and the Bureau of Consumer Financial Protection. Although Jones may be an intended beneficiary of such order, she lacks standing to bring any claims under it. Furthermore, BWW is also a non-party to the consent order, so any claim against it under the order is doubly implausible. Consequently, Jones lacks standing to bring a claim under the consent order. The Defendants' Motions to Dismiss (ECF Nos. 13, 14) are GRANTED, and Plaintiff's claim to enforce the consent order (Count Seven) is DISMISSED.

## VIII.    Plaintiff's Complaint is Dismissed with Prejudice

A plaintiff may amend her complaint as a matter of course within twenty-one (21) days of serving it, or twenty-one days "after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "[W]hen the district court believes a deficiency in a complaint can be cured, it should say so and grant leave to amend." *Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022). Otherwise, "when a district court dismisses a complaint or all claims

without providing leave to amend … the order dismissing the complaint is final and appealable." *Id.*

The Court does not believe Plaintiff can cure the abundant deficiencies in her Complaint and therefore declines to grant Plaintiff leave to amend. In brief, amendment is inappropriate here and would be futile because Plaintiff's claims are inadequately plead and patently unsupported, as further evidenced by her lackluster and sparse response, and lack thereof, to the Defendants' Motions. Because dismissal without leave to amend is in effect a final order, the Court concludes that such dismissal is with prejudice. Accordingly, all of Plaintiff's claims are dismissed with prejudice. *See John & Jane Parents 1 v. Montgomery Cnty. Bd. of Educ.*, No. 8:20-3552-PWG, 2022 WL 3544256, at *19 (D. Md. Aug. 18, 2022) (dismissing complaint with prejudice because amendment would be futile).

## CONCLUSION

For the reasons stated above, Defendant BWW's Motion to Dismiss (ECF No. 13) is GRANTED, Defendants SLS and HSBC's Motion to Dismiss (ECF No. 14) is GRANTED, and Plaintiff's Complaint is DISMISSED WITH PREJUDICE. A separate Order follows.

Dated: February 1, 2023                          _____/s/_____
                                                 Richard D. Bennett
                                                 United States District Judge